UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SCOTT,

        Plaintiff,

                                                  Case No. 03-CV-75123

vs.                                              HON. GEORGE CARAM STEEH

B. STONE et al.,

        Defendant.
_____/

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (#45)

      Plaintiff moves for reconsideration of this court's March 6, 2006 Order denying his motion for an extension of time to file a response to defendants' objections to Magistrate Judge Paul Komives' January 31, 2006 Report and Recommendation. Plaintiff asserted in his motion for an extension of time that the "deadline to respond to defendants' objections to the Report and Recommendation fell on February 27, 2006," and argued that his request for an extension was being made "before the time originally proscribed by the court." Plaintiff's Motion for Extension of Time, ¶¶ 1, 3, at 1-2. A certificate of service attached to plaintiff's motion for an extension of time averred that plaintiff mailed his motion for an extension of time on February 27, 2006.

      Plaintiff now argues on reconsideration that the court erred in calculating that his response to defendants' objections was due on February 27, 2006, citing the 3-day rule of Federal Rule of Civil Procedure 6(e). The court properly took the 3-day rule into account (as did plaintiff in filing his motion for an extension of time) in determining that plaintiff's response was due on February 27, 2006. Plaintiff had ten business days from defendant's filing of objections on February 10, 2006 to file a response, through February 24, 2006, plus the 3 days as provided for under Rule 6(e), through February 27, 2006. Plaintiff's instant argument that he had until March 2, 2006 to file his response is not well taken.

      Plaintiff also argues that, even if the correct date for filing his response was February

27, 2006, the court erred in applying an excusable neglect standard to his motion for an extension of time because the motion was deemed filed on February 27, 2006 by operation of the mailbox rule. See Fed. R. Civ. P. 6(b). The court held that plaintiff failed to "demonstrate cause for granting an extension, *or* excusable neglect, the motion being filed after the February 27, 2006 deadline." March 6, 2006 Order (emphasis added). Even assuming plaintiff's motion for an extension of time was filed on the same day he was required to file his response to defendants' objections, plaintiff was still required by Rule 6(b)(1) to demonstrate cause for granting the extension, a requirement not met by plaintiff's unsupported assertions of "deadlines in other litigation and other circumstances beyond the control of Plaintiff . . . ." Plaintiff's Motion for Extension of Time, ¶ 2, at 1. The court did not palpably err in determining that these vague references did not constitute "cause shown" as required under Rule 6(b)(1). Accordingly,

Plaintiff's motion for reconsideration is hereby DENIED on plaintiff's failure to demonstrate a palpable defect by which the court and the parties were mislead, or a palpable defect that, if corrected, would result in a different disposition of his motion for an extension of time. See E.D. Mich. LR 7.1(g)(3).

SO ORDERED.

s/George Caram Steeh<br>
GEORGE CARAM STEEH<br>
UNITED STATES DISTRICT JUDGE

Dated: March 24, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on March 24, 2006, by electronic and/or ordinary mail.

s/Marcia Beauchemin<br>
Deputy Clerk