UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SCOTT,

        Plaintiff,

vs.

        Case No. 03-CV-75123
        HON. GEORGE CARAM STEEH

B. STONE et al.,

        Defendant.

_____/

### ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (#46) AS ON RECONSIDERATION

Plaintiff moves to alter or amend this court's March 6, 2006 Order granting defendants' motion for summary judgment, arguing that the court erred in dismissing his claims of retaliation in violation of his First Amendment right to file prison grievances, and conspiracy to retaliate among defendants Saginaw Valley Correctional Facility staff members Bernadette Stone, Tracie Shaw, Michael Lewis, and Jan Bigelow. The court adjudicates the motion as on reconsideration.

Generally, and without restricting the court's discretion, the court will not grant a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been mislead but also show that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3).

Plaintiff's argument that Grievance Coordinator Stone and Resident Unit Officer Lewis knew plaintiff was "authorized" to possess masking tape before they each issued him tickets for possession of contraband is not, as plaintiff asserts, supported by the record. Plaintiff's argument that he allegedly threatened fellow prisoner Spaccarotella on January 18, 2001, before Assistant Resident Unit Officer Shaw wrote him up for "threatening

behavior" on January 19, 2001, also fails to demonstrate palpable error in that plaintiff was found guilty of the charge on January 24, 2001 by Hearing Officer Kuiper; plaintiff fails to explain how Shaw could have foreseen when allegedly writing this "false" ticket on Stone's instruction that Spaccarotella and others would later verify the charges. Plaintiff's assertion that the court erred in stating that he shared his cell with no one when in fact plaintiff shared his cell with Spaccarotella fails to assert an error in need of correction in that plaintiff has candidly admitted throughout the record that the masking tape found in his cell was in fact his. Plaintiff's remaining arguments of error are equally unavailing. Simply put, none of the four tickets written on January 19, 2001 were, as plaintiff alleged, "false," "conjured up," "lack[ing] in any probable cause whatsoever," or "fabricated."

Plaintiff has failed to demonstrate a palpable error which, if corrected, would require a different disposition of defendants' motion for summary judgment. E.D. Mich. LR 7.1(g)(3). Accordingly,

Plaintiff's motion to alter or amend judgment is hereby DENIED as on reconsideration.

SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: March 24, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on March 24, 2006, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

2