UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. SCOTT,

        Plaintiff,

vs.

Case No. 03-CV-75123
HON. GEORGE CARAM STEEH

B. STONE, et al.,

        Defendants.

_____/

ORDER DENYING DEFENDANTS' MOTION IN LIMINE (#78)

Defendants move in limine to exclude evidence or argument challenging adjudications of guilt with respect to five prison misconduct tickets issued to plaintiff David Scott while a Michigan state prisoner. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Scott alleges in this prisoner civil rights action that Saginaw Valley Correctional Facility ("SVCF") Grievance Coordinator Bernadette Stone, Assistant Resident Unit Supervisor Tracie Shaw, and Resident Unit Officers Michael Lewis and Jan Bigelow conspired to file false major misconduct tickets against him for filing 10 grievances and 123 proposed grievances from August 2000 to February 2001. Scott alleges 42 U.S.C. § 1983 claims of unlawful First Amendment retaliation and conspiracy.

Defendants proffer evidence that defendant Shaw raised Stone's security level to Level III on February 15, 2001 based on adjudications of guilt as to five misconduct tickets:

(1) out of place, October 7, 2000; (2) disobeying a direct order; November 9, 2000; (3) theft, possession of stolen property, December 29, 2000; (4) threatening behavior, January 18, 2001; and (5) out of place, January 19, 2001.  Defendants argue that, pursuant to Heck v. Humphrey, 512 U.S. 477 (1997), Scott is not permitted to argue that any of these five misconduct tickets were falsely written against him, resulting in the higher Level III security classification, because Scott cannot show that any of the findings of guilt were ever overturned.  Defendants argue in the alternative that, to avoid undue prejudice as required by Federal Rule of Evidence 403, the jury should be instructed that the validity of the tickets was not in question when defendant Shaw calculated Scott's higher security level.

Relevant evidence, being "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Civ. P. 401, 403.  Whether to admit or exclude evidence under Rule 403 is within the trial court's discretion.  Paschal v. Flagstar Bank, 295 F.3d 565, 576 (6th Cir. 2002).

"[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.'" Edwards v. Balisok, 520 U.S. 641, 643 (1997) (quoting Heck, 512 U.S. at 487).

> Heck's requirement to resort to state litigation and federal habeas relief before § 1983 is not, however, implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence. FN1. . . . .

2

---

FN1.  The assumption that the incarceration that matters under Heck is the incarceration ordered by the original judgment of conviction, not special disciplinary confinement for infraction of prison rules.  The Court has never followed the speculation in Preiser v. Rodriguez, 411 U.S. 475, 499, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), that such a prisoner subject to "additional and unconstitutional restraints" might have a habeas claim independent of § 1983, and the contention is not raised by the State here.

Muhammad v. Close, 540 U.S. 749, 751, 751 n.  (2004).  Where a prisoner's § 1983 claim alleging wrongful disciplinary confinement does not implicate a loss of good-time credits that changed the State's calculation of the prisoner's sentence, and thus does not raise a claim on which habeas relief could have been granted, Heck is inapplicable.  Id.  See also McMillan v. Fielding, 136 Fed.Appx. 818 (6th Cir. June 7, 2005).

The January 19, 2001 "out of place" misconduct relied upon by defendant Shaw in elevating Scott's security level is one of the four misconduct tickets which form the basis of Scott's § 1983 retaliation and conspiracy claims.  Defendants do not dispute the ticket's relevancy in deciding whether it is more likely than not that the defendants conspired to falsely charge Scott to deter him from exercising his First Amendment right to file non-frivolous grievances.  See Scott v. Stone, 254 Fed. Appx. 469, 472 (6th Cir. Nov. 13, 2007).

SO ORDERED.

Dated:  June 1, 2009

                                                    s/George Caram Steeh
                                                    GEORGE CARAM STEEH
                                                    UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 1, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk