UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. SCOTT,

        Plaintiff,

                              Case No. 03-CV-75123
vs.                              HON. GEORGE CARAM STEEH

B. STONE, et al.,

        Defendants.
_____/

ORDER SUSTAINING DEFENDANTS' OBJECTION TO
PROPOSED JURY INSTRUCTION NO. 28 (# 86)

Defendants object to that part of Proposed Jury Instruction No. 28 permitting the jury to consider as damages "The physical pain and mental or emotional suffering Plaintiff Scott has experienced, the nature and extent of the injury, and whether the injury is temporary or permanent."

Scott alleges First Amendment retaliation and conspiracy claims under 42 U.S.C. § 1983 against Saginaw Valley Correctional Facility ("SVCF") Grievance Coordinator Bernadette Stone, Assistant Resident Unit Supervisor Tracie Shaw, and Resident Unit Officers Michael Lewis and Jan Bigelow. Scott alleges the defendants issued four false misconduct tickets against him on January 19, 2001 because he filed 10 grievances and 123 proposed grievances from August 2000 to February 2001 while a prisoner at SVCF.

42 U.S.C. § 1997e(e) provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

The applicability of § 1997e(e) turns on the plaintiff's status as a prisoner at the time the

lawsuit was filed. Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3rd. Cir. 2001) (citing Harris v. Gardner, 216 F.3d 970, 974-75 (11th Cir. 2000)). Scott's argument that § 1997e(e) applies only if the prisoner is incarcerated at the time of trial is not supported by the statutory language or persuasive authority. It is undisputed that Scott was a Michigan state prisoner at the time he filed this lawsuit, and that he did not suffer a physical injury as a result of the alleged First Amendment violations or the alleged conspiracy.

The plain language of § 1997e(e) applies to any "Federal civil action," and makes no exception for First Amendment claims. Searles v. Van Bebber, 251 F.3d 869, 876 (10th Cir. 2001). "The majority of circuit courts that have considered the issue hold that § 1997e(e)'s limitation on damages applies to all federal prisoner lawsuits, including First Amendment claims." Swackhammer v. Goodspeed, No. 4:03-CV-82, 2009 WL 189854, *1 (W.D. Mich. Jan. 26, 2009) (citing Circuit authority, including Taylor v. United States, 161 Fed. Appx. 483, 487 (6th Cir. 2005) as noting that the majority of circuits so hold)). A prisoner alleging First Amendment retaliation claims may otherwise seek nominal damages, punitive damages, injunctive relief, or declaratory relief. Swackhammer, 2009 WL 189854 at *2.

The Ninth Circuit in Canell v. Lightner, 143 F.3rd 1210, 1213 (9th Cir. 1998) reasoned that § 1997e(e) did not apply to a prisoner's First Amendment claims alleging violations of the Establishment and Free Exercise Clauses of the First Amendment because the prisoner was not alleging a *claim* "for physical or emotional injury," but a *claim* for a violation of his First Amendment rights. Canell ignores the statute's plain bar to a "civil action . . . for mental or emotional injury," not a particular "claim." The Ninth Circuit interpretation in Carnell is not supported by the language of § 1997e(e). Scott's argument that he will be denied an adequate remedy if he is not permitted to recover emotional

damages in not well taken. Swackhammer, 2009 WL 189854 at *2. This court aligns itself with the majority view.

Defendants' objection is SUSTAINED. Proposed Jury Instruction No. 28 shall be modified to exclude a possible award of damages for any physical, mental, or emotional injury.

SO ORDERED.

Dated: June 1, 2009

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 1, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---